UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMIK GHAZARIAN, | Case No. 5:26-cv-02463-MAR |
| Petitioner, | |
| v. | ORDER GRANTING PETITION FOR HABEAS CORPUS |
| WARDEN, ET AL., | |
| Respondents. | |

**I.**

**INTRODUCTION**

On May 8, 2026, Petitioner Romik Ghazarian ("Petitioner"), by and through counsel, filed a Petition for Writ of Habeas Corpus ("Petition" or "Pet.") by a Person in Federal Custody pursuant to 28 U.S.C. § 2241.  ECF Docket No. ("Dkt.") 1. Petitioner argues his continued detention in Immigration and Customs Enforcement ("ICE") custody violates his Fifth Amendment due process rights and the Immigration and Nationality Act ("INA") and seeks release.  Id. at 10–11.[1] Respondents have affirmatively elected not to oppose the Petition.  Dkt. 7. Accordingly, and for the reasons set forth below, the Petition is **GRANTED**.

---

[1] All citations to electronically filed documents refer to the CM/ECF pagination.

## II.

## BACKGROUND[2]

Petitioner, a citizen of Iran, has lived in the United States since 1991.  Pet. at 5.  After applying for and being denied asylum, Petitioner was ordered removed in April 2016.  Id.  Nevertheless, Petitioner was not removed and was released on an Order of Supervision on August 19, 2016.  Id.  On or about April 14, 2026, Petitioner appeared for a routine ICE check-in and was detained when he appeared for that appointment.  Id. at 6.  Respondents did not provide any meaningful explanation showing a sudden change in circumstances that made removal newly imminent after years of supervision.  Respondents also have not provided a meaningful post-order custody review that adequately addresses whether Petitioner can, in fact, be removed in the reasonably foreseeable future.  Id.  Petitioner remains in ICE custody and alleges here that his continued detention violates the Due Process Clause of the Fifth Amendment, 8 U.S.C. § 1231(a)(6), and 8 C.F.R. §§ 241.4 and 241.13.

## III.

## DISCUSSION

Generally, when a final order of removal is entered against a noncitizen, the government will remove that person from the United States within a ninety-day "removal period."  Zadvydas v. Davis, 533 U.S. 678, 682 (2001); 8 U.S.C. § 1231(a)(1)(A).  During that period, the government will normally hold the removable person in custody.  Zadvydas, 533 U.S. at 682; 8 U.S.C. § 1231(a)(2)(A).[3]  In some

---

[2] Respondents do not address Petitioner's factual allegations and have affirmatively stated they are not presenting an Opposition to the Petition.  Therefore, the Court considers the facts alleged by Petitioner to be undisputed and conceded for purposes of ruling on the Petition.  See C.D. Cal. L.R. 7-12; Carlson v. Landon, 186 F.2d 183, 188 (9th Cir. 1950) (explaining that courts must assume undisputed facts alleged in a habeas petition are true).

[3] Indeed, under 8 U.S.C. § 1231, the government "shall" detain a noncitizen during the removal period.  8 U.S.C. § 1231(a)(1)(A); see also Zadvydas, 533 U.S. at 683 ("After entry of a final removal order and during the 90–day removal period, . . . aliens must be held in custody.") (emphasis added).  Here, however, Petitioner alleges that he was ordered removed in absentia (Pet. ¶ 2), and he does not appear to have been detained for the 90-days following entry of the removal order, or at any time prior to 2025.

2

circumstances, the government may detain a removable person beyond the ninety-day removal period. 8 U.S.C. § 1231(a)(6); see also Zadvydas, 533 U.S. at 689.

It is well-established, however, that the government's statutory authorization to detain a noncitizen beyond the removal period does not permit indefinite detention. Zadvydas, 533 U.S. at 692, 699. In cabining the period of detention permissible under 8 U.S.C. § 1231(a)(6) and the Fifth Amendment, the Supreme Court recognized a presumption that detention for up to six months is reasonable. Id. at 701. After that time, upon a showing by the noncitizen that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden shifts to the government to rebut that showing or release the noncitizen from custody. Id.; see also Nadarajah v. Gonzales, 443 F.3d 1069, 1076–77, 1079–80 (9th Cir. 2006).

Here, Petitioner alleges that, even after being ordered removed, Petitioner was not removed and Respondents released Petitioner on an Order of Supervision approximately ten years ago. Pet. at 6. Since that time, Petitioner has complied with the Order of Supervision and has become connected with work and community life. Id. Petitioner contends that there is good reason to believe that his removal is not significantly likely in the reasonably foreseeable future. Id. at 8. For example, Petitioner was released from custody in 2016 and again in 2017, which Petitioner contends is a "powerful admission[] by the Government that removal was not promptly executable." Id. Further, Petitioner's removal has not been accomplished during the last ten years. Respondents do not contest Petitioner's assertion that they still do not possess a concrete, executable removal plan. Id. Respondents also do not contest Petitioner's assertion that they "have not shown current travel-document readiness, an accepted receiving-country arrangement, scheduled transportation, or any other facts demonstrating that removal is significantly likely in the reasonably foreseeable future." Id.

The Court finds that Petitioner has established that "there is no significant likelihood of removal in the reasonably foreseeable future," and notes further that the government has affirmatively decided not to oppose the Petition or otherwise dispute Petitioner's factual allegations.  For these reasons, Petitioner's continued detention is unconstitutional.[4]  Accordingly, "a writ of habeas corpus must issue and [Petitioner] must be released from custody."  Nadarajah, 443 F.3d at 1080.

## IV.

## ORDER

**IT IS THEREFORE ORDERED** that"

(2) the Petition is **GRANTED**;

(3) Respondents are **ORDERED** to release Petitioner from custody forthwith, subject to reasonable conditions of supervision; and

(4) Respondents are **ORDERED** to refrain from re-detaining Petitioner absent compliance with the Fifth Amendment, 8 C.F.R. § 241.4, 8 C.F.R. § 241.13(i), and 8 U.S.C. § 1231(a)(1)(A).

Dated:  May 22, 2026

HONORABLE MARGO A. ROCCONI
United States Magistrate Judge

---

[4]  Having so concluded, the Court need not address Petitioner's additional arguments.

4